WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

A.B.C. SAND AND ROCK COMPANY, )
INC., et al., )
 )
                       Plaintiffs, )
   vs. )
 )
MARICOPA COUNTY, a public entity, )
et al., )   No. 2:17-cv-1094-HRH
 )
                       Defendants. )
_____)

O R D E R

Motion to Remand[1]

Plaintiffs move for an order remanding this case to the Maricopa County Superior Court from which it was removed. The motion is opposed. Oral argument has been requested, but is not deemed necessary.

This litigation has its origins in administrative proceedings commenced by defendant Flood Control District against A.B.C. for allegedly mining without a permit. A.B.C. appealed an unfavorable decision to the superior court. Case No. LC2016-000324. While the administrative appeal was pending, A.B.C. filed a civil rights complaint against the Flood Control District and others in this court. The Flood Control District moved to

---

[1]Docket No. 6.

Order – Motion to Remand                                          - 1 -

dismiss. Based upon standing (ripeness) grounds and <u>Younger</u> abstention,[2] the case was dismissed.[3] In the course of dismissing the case, the court took note of the fact that A.B.C. might present its constitutional claims in the state court proceedings. A.B.C. then filed in superior court a complaint based upon the Arizona Constitution, asserting the right of freedom of speech, the right of petition, the right to due process, and the right to equal protection. Case No. CV2016-010095.

Following the filing of the state constitutional civil rights case, the Flood Control District initiated a separate superior court case against A.B.C., asking for an injunction for mining without a permit. Case No. CV2016-014788. All three cases – the administrative appeal, the Arizona constitutional case, and the mining without a permit case – were consolidated in the superior court. A.B.C. moved to amend its Arizona constitutional civil rights case. Case No. CV2016-010095. Leave to amend having been granted, plaintiffs filed their second amended complaint, which replicated their earlier complaint but added four federal law civil rights claims based upon 42 U.S.C. §§ 1983 and 1985. Defendants' notice of removal of No. CV2016-010095 was filed with this court April 13, 2017, and plaintiffs' second amended complaint is now before this court.[4]

Plaintiffs' argue that "[t]he Court should remand the state court claims and remand, or at least stay, ABC's related § 1983 claims for damages."[5] Defendants argue

---

[2]<u>Younger v. Harris</u>, 401 U.S. 37 (1971).

[3]Order (Aug. 29, 2016), Docket No. 58 in Case No. CV-16-01129-PHX-JJT.

[4]Notice of Removal, page 86 of 106, Docket No. 1-3.

[5]ABC'S Reply to Defendants' Response to ABC's Motion to Remand at 4, Docket No. 8.

that the motion to remand should be denied, and that the second amended complaint now before this case should be dismissed.

The court has no motion to dismiss before it. The court declines to dismiss plaintiffs' complaint <u>sua sponte</u> on ripeness or <u>Younger</u> grounds because plaintiffs plausibly contend that "facts relevant to a motion to dismiss have certainly changed."[6]

Beyond any doubt, plaintiffs' § 1983 and § 1985 claims present federal questions for purposes of 28 U.S.C. § 1331. Because the court has federal question jurisdiction of plaintiffs' federal civil rights claims, it also has supplemental jurisdiction of plaintiffs' state law claims. 28 U.S.C. §1367(a).

While the court is obligated to adjudicate well-pleaded federal civil rights claims, the exercise of supplemental jurisdiction is not mandatory. Rather, § 1367 further provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) ....
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

Beyond any question, plaintiffs' administrative appeal, defendants' injunction suit, and plaintiffs' Arizona constitutional civil rights claims and federal civil rights claims are all intertwined. The proceedings of the Flood Control District underlie all of the parties'

---

[6]<u>Id.</u> at 3, n.1, and 4.

claims, and the conduct of those administrative proceedings predominates with respect to the Arizona and federal civil rights claims.  The Arizona constitutional civil rights claims – which are a part of the -010095 case now before this court – present novel[7] questions that are more appropriately brought in the superior court.  Moreover, the court deems the assertion of potentially overlapping state constitutional and federal claims to constitute an exceptional circumstance when coupled with the fact that all of the claims flow from administrative proceedings that are properly before the superior court, not this court.

In consideration of the foregoing, the court declines to exercise its supplemental jurisdiction over plaintiffs' state law claims, which include second amended complaint Counts One through Four (the Arizona constitutional claims), Count Nine (a regulatory Bill of Rights claim based upon A.R.S. § 48-3644), and Counts Ten and Eleven, which are not separate causes of action, but rather claims for specific forms of relief.

Proceedings regarding plaintiffs' federal civil rights claims are stayed.  Again, the center of gravity of the disputes between plaintiffs and defendants is the administrative proceedings.  As a practical matter, and in the interest of judicial efficiency, the administrative proceedings and the Arizona constitutional issues should logically be resolved first; and thereafter, if the state court proceedings do not resolve all of the issues between the parties, plaintiffs' federal civil rights claims can be addressed.  Until the underlying claims are resolved, it will be a waste of the parties' time and money to pursue the federal civil rights claims.

---

[7]The superior court has recognized – and apparently would have decided but for the removal of the -010095 case – that there is a question as to whether plaintiffs' Arizona constitutional claims may proceed in parallel with the administrative proceedings  that remain pending before the superior court.

Order – Motion to Remand                                                                                              - 4 -

The motion to remand is granted as to Counts One through Four, Count Nine, and Counts Ten and Eleven of plaintiffs' second amended complaint. Proceedings as to Counts Five through Eight are stayed until further order of the court.

DATED at Anchorage, Alaska, this 15th day of June, 2017.

/s/ H. Russel Holland
United States District Judge